**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABINO MORALES RAMIREZ, | No.    14-72519 |
| Petitioner, | Agency No. A200-242-344 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Gabino Morales Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and cancellation of removal.  Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We reject as unsupported by the record Morales Ramirez's contentions that the BIA ignored his "Transnational Criminal Organizations" argument and that the agency applied incorrect case law.

In his opening brief, Morales Ramirez fails to otherwise meaningfully challenge the agency's determination that his asylum application was untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Morales Ramirez also fails to challenge the agency's dispositive determination that he failed to establish that any harm he fears in Mexico would be on account of a protected ground. *Id*. Thus, Morales Ramirez's asylum and withholding of removal claims fail.

We lack jurisdiction to review the agency's discretionary determination that Morales Ramirez failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (court lacks jurisdiction to

14-72519

review merits of hardship determination and only retains jurisdiction over constitutional claims that have "some possible validity" (citation omitted)). To the extent Morales Ramirez raises due process contentions as to the denial of cancellation of removal, we reject his contentions. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision). In light of this disposition, we need not reach Morales Ramirez's remaining contentions regarding the IJ's discretionary denial of cancellation of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**